## 29289. COOPER *v.* THE STATE.

DECIDED FEBRUARY 5, 1942.

*R. E. Church,* for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, Quincy O. Arnold,* contra.

BROYLES, C. J. The accused was convicted of larceny from the person; his motion for a new trial was overruled and exceptions are taken to that judgment. The evidence amply authorized the verdict, and the general grounds of the motion are without merit.

Special ground 1 complains of the court's refusal to allow movant's counsel to question J. J. Moore, the prosecuting witness, upon

his cross-examination, as to whether the witness, when he was in Florida with the movant in November, 1940, stayed a part of the time at a hotel, instead of the barracks, "the witness having previously testified on cross-examination that while in Florida he stayed at the barracks altogether." The ground alleges that counsel for the movant was endeavoring to show contradictory statements and testimony on the part of the witness as to matters *material and relevant* to the testimony and the case. It has been repeatedly ruled by the Supreme Court and this court that a special ground of a motion for new trial must be complete and understandable within itself, and that when the reviewing court can not intelligently pass upon the alleged error complained of in the ground, without referring to the brief of the evidence or to some other part of the record, the ground raises no question for the consideration of the court. It is also well-settled law that a witness can not be impeached by proof of contradictory statements previously made by him unless such statements are "as to matters relevant to his testimony and to the case." Code, § 38-1803. It fails to appear from the ground itself that the alleged contradictory statements made by the witness were as to matters relevant to his testimony and to the case. The allegation in the ground that the statements were so relevant is not supported by the facts set forth in the ground; and this court, in order to determine the relevancy of the statements, would have to refer to the brief of the evidence.

Special ground 2 complains that the court erred in overruling a motion by movant's counsel to rule out an alleged prejudicial statement made by the solicitor-general in the presence of the jury. In view of the certificate of the trial judge, filed as an amendment to his order denying a new trial, the ground fails to show error. Special ground 3 assigns error on the admission in evidence of "a purported baggage receipt or check." The ground fails to either describe the baggage receipt or check or to state to whom it belonged. The ground is not complete and understandable within itself. Ground 4 complains of the admission in evidence of a written statement signed by the defendant after the commission of the crime for which he was on trial, purporting to be a confession. The objections to the paper were "that it placed movant's character in issue, and it did not appear from the statement itself that it was freely and voluntarily made by movant; movant contending that

such statement did not amount to a confession, but was a written incriminatory statement." The ground also complains that the court allowed the statement to be read to the jury after its admission in evidence. The ground fails to show error. In our opinion the statement signed by movant was not a mere incriminatory statement but amounted to a confession of the crime charged. There is no merit in the contention that the statement was inadmissible because it did not appear from the statement itself that it was freely and voluntarily made. It did so appear from the testimony of the officer who secured the statement. Nor was it error for the court to permit the statement to be read to the jury. Ground 5 excepts to the charge of the court on the subject of flight. The charge was authorized by the evidence, and was not error for any reason assigned. Ground 6 complains of the court's charge on confessions; and ground 7 excepts to the failure to charge on incriminatory admissions. The court properly instructed the jury on the law of confessions, and properly omitted to charge on the subject of incriminatory admissions. Neither of the grounds shows error. The denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*